IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) ) **Case No.** |
| Plaintiff, | ) **COMPLAINT TO REDUCE** ) **FEDERAL TAX ASSESSMENTS** |
| v. | ) **TO JUDGMENT AND TO** ) **FORECLOSE FEDERAL TAX** |
| BRUNO SCHMIDT, CHARLENE SCHMIDT, and STEVENS COUNTY, WASHINGTON, | ) **LIENS AGAINST REAL** ) **PROPERTY** ) ) ) |
| Defendants. | ) ) ) ) ) ) ) ) |

Plaintiff, the United States of America ("United States"), through its undersigned counsel, alleges the following:

## INTRODUCTION

1.     This is a civil action brought by the United States of America to reduce to judgment federal income tax assessments against Bruno

W. Schmidt and Charlene O. Schmidt and to foreclose federal tax liens against their personal residence in Stevens County, Washington (hereinafter referred to as "the Subject Property").

## JURISDICTION AND VENUE

2. This action is being commenced pursuant to 26 U.S.C. §§ 7401, 7402 and 7403, at the direction of the Attorney General of the United States and with the authorization of the Chief Counsel of the Internal Revenue Service ("IRS"), a delegate of the Secretary of the Treasury of the United States.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345, and pursuant to 26 U.S.C. § 7402.

4. Venue is proper in the Eastern District of Washington pursuant to 28 U.S.C. §§ 1391 and 1396 because the taxpayers reside within this judicial district, and because the real property that is the subject of this action is also within this judicial district.

## IDENTIFICATION OF DEFENDANTS

5. Bruno W. Schmidt and Charlene O. Schmidt are named as defendants because they have unpaid federal tax assessments, and because they are the owners of the Subject Property. Bruno W. Schmidt and Charlene O. Schmidt reside within the jurisdiction of this Court.

6. Stevens County, Washington has been named as a party to this suit pursuant to 26 U.S.C. § 7403(b), because it may claim an interest in the Subject Property against which the United States seeks to foreclose its federal tax liens.

//
//

**REAL PROPERTY SOUGHT TO BE FORECLOSED**

7.    The Subject Property that is the subject of this action is commonly referred to as 6737 Henderson Road, Hunters, Washington 99137, Stevens County 98118.  The Subject Property consists of two parcels that also comprise three tax lots.  Parcel A is denominated as Stevens County tax parcel numbers 1577455 and 1577465.  Parcel B is denominated as Stevens County tax parcel number 1614840.  The Subject Property is more particularly described as follows:

PARCEL A:

      Government Lot 4; and the SW1/4 of the NW1/4 of Section 4, Township 30 North, Range 37 East, W.M., in Stevens County, Washington.

PARCEL B:

      The SW1/4 of the SW1/4 of Section 33, Township 31 North, Range 37 East, W.M., in Stevens County, Washington.

8.    By Statutory Warranty Deed recorded with the Stevens County Auditor on August 8, 2000, Bruno W. Schmidt and Charlene O. Schmidt acquired title to the Subject Property as husband and wife.

9.    On February 1, 2001, Bruno W. Schmidt and Charlen O. Schmidt recorded a "Declaration of Accession to Land Patent" with the Stevens County Auditor.  (Auditor No. 2001 0000942)  To the extent that this document purports to establish any type of interest in the Subject Property, it is invalid.

10.   On August 7, 2001, Bruno W. Schmidt and Charlene O. Schmidt recorded a "Declaration of Homestead" with the Stevens County Auditor.  (Auditor No. 2001 0007759)  To the extent that this

document purports to establish any type of interest in the Subject Property, it is invalid.

## TAX LIABILITIES AND FEDERAL TAX LIENS

11. Bruno W. Schmidt and Charlene O. Schmidt failed to file a valid income tax return for the 1998 individual income tax year.  In or around February 2000, the IRS initiated an audit examination of Bruno W. Schmidt and Charlene O. Schmidt with respect to the 1998 tax year.  During the audit examination process, the IRS determined that Bruno O. Schmidt and Charlene O. Schmidt received income from the Fireman's Fund where Mr. Schmidt had been employed.  The IRS also determined that Bruno W. Schmidt and Charlene O. Schmidt received taxable distributions from retirement and disability pension funds.  During the 1998 tax year, Bruno W. Schmidt and Charlene O. Schmidt resided in California, a community property state.

12. During the audit examination, Bruno W. Schmidt and Charlene O. Schmidt failed to cooperate with the IRS.  In fact, during the audit examination, Bruno W. Schmidt and Charlene O. Schmidt belatedly submitted a joint Form 1040 individual income tax return for the 1998 tax year that frivolously contained almost all zeros.  As a result, the IRS proceeded to determine Bruno W. Schmidt's and Charlene O. Schmidt's correct tax, interest, and penalty liability without their assistance or meaningful input.

13. On November 9, 2001, the IRS sent Bruno W. Schmidt and Charlene O. Schmidt Statutory Notices of Deficiency per 26 U.S.C. § 6212, computing their tax liability as if they were married and filing a joint return.  The Statutory Notices of Deficiency also

4

asserted additions to tax under 26 U.S.C. § 6651(a)(1) (penalty for failure to file a tax return), and 26 U.S.C. § 6654(a) (penalty for failure to pay estimated tax liability).  Neither Bruno W. Schmidt nor Charlene O. Schmidt petitioned the U.S. Tax Court to review the Statutory Notice of Deficiency.

14.    Accordingly, on the dates, in the amounts, and for the tax period and type set forth below, a duly authorized delegate of the Secretary of the Treasury made the following timely and proper assessments against Bruno W. Schmidt as follows:

| Type of Tax | Tax Period | Date of Assessment | Amount Assessed* | Amount Due as of July 22, 2014 |
|---|---|---|---|---|
| Form 1040 | 1998 | 09/02/2002<br>09/02/2002<br>09/02/2002<br>09/02/2002<br>09/02/2002<br>02/17/2003<br>02/17/2003<br>04/14/2003<br>04/14/2003<br>06/23/2003<br>10/24/2011<br>11/07/2011<br>11/07/2011 | $ 72,720  (T)<br>$ 20,395.99 (I)<br>$ 11,386.93 (P1)<br>$ 2,454.37 (P2)<br>$ 12,497.85 (P3)<br>$ 1,388.65 (P1)<br>$ 2,725.60 (I)<br>$ 555.46 (P1)<br>$ 819.27 (I)<br>$ 38.00 (F)<br>$ 10,830.05 (P1)<br>$ 124.00 (F)<br>$ 124.00 (F) | $178,969.60 |

TABLE: T = Tax; I = Interest; P1 = Failure to Pay Tax Penalty; P2 = Estimated Tax Penalty; P3 = Late Filing Penalty; and F = Fees and Collection Costs.

15.    Accordingly, on the dates, in the amounts, and for the tax period and type set forth below, a duly authorized delegate of the

5

Secretary of the Treasury made the following timely and proper assessments against Charlene O. Schmidt as follows:

| Type of Tax | Tax Period | Date of Assessment | Amount Assessed* | Amount Due as of July 22, 2014 |
|---|---|---|---|---|
| Form 1040 | 1998 | 09/02/2002<br>09/02/2002<br>09/02/2002<br>09/02/2002<br>09/02/2002<br>02/17/2003<br>02/17/2003<br>04/14/2003<br>04/14/2003<br>11/7/2001<br>12/11/2011<br>11/25/2013<br>11/25/2013 | $ 72,720  (T)<br>$ 20,395.99 (I)<br>$ 11,386.93 (P1)<br>$ 2,454.37 (P1)<br>$ 12,497.85 (P3)<br>$ 1,388.65 (P1)<br>$ 2,725.60 (I)<br>$ 555.46 (P1)<br>$ 819.27 (I)<br>$ 124 (F)<br>$ 124 (F)<br>$ 67,093.92 (I)<br>$ 10,830.05 (I) | $178,255.77 |

TABLE: T = Tax; I = Interest; P1 = Failure to Pay Tax Penalty; P2 = Estimated Tax Penalty; P3 = Late Filing Penalty; and F = Fees and Collection Costs.

16.    On September 7, 2009, Charlene O. Schmidt submitted a request to the IRS for Innocent Spouse Relief per 26 U.S.C. § 6015.  The IRS denied Mrs. Schmidt's request.  Charlene O. Schmidt did not petition the U.S. Tax Court for a review of the denial of her innocent spouse relief request.

17.    Upon the filing of Mrs. Schmidt's innocent spouse claim, the IRS created mirrored modules for Bruno W. Schmidt and Charlene O. Schmidt, reflecting on each module the total amount of the deficiencies in tax, interest, and penalties.

18.    On June 11, 2003, the IRS recorded a Notice of Federal Tax Lien

with the Stevens County Auditor against Bruno W. Schmidt and
Charlene O. Schmidt for the total unpaid joint income tax liability
for the 1998 income tax period. (Auditor File No. 2003 0007924)

19.  On October 27, 2011, the IRS recorded two Notices of Federal Tax
Lien with the Stevens County Auditor, reflecting the separate
mirrored module balances for each Bruno W. Schmidt and
Charlene O. Schmidt.  (Auditor File Nos. 2011 0007346 and 2011
0007347)

**FIRST CLAIM FOR RELIEF: TO REDUCE TAX
ASSESSMENTS AGAINST BRUNO W. SCHMIDT AND CHARLENE O.
SCHMIDT TO JUDGMENT**

20.  By reference, the United States realleges and incorporates the
allegations contained in Paragraphs 1 through 19, as fully set forth
herein.

21.  The assessments described in Paragraphs 14 and 15 above were
made pursuant to an audit examination that, in part, relied upon
Form 1099, W-2, and data supplied by the Information Reporter
Program to the IRS.

22.  The ten-year statute of limitations for the 1998 tax year has not
expired.  *See* 26 U.S.C. §6502(a)(1).  Here, the statute of
limitations for the 1998 tax year was tolled because of three
events.  First, Bruno W. Schmidt and Charlene O. Schmidt
submitted a Collection Due Process ("CDP") request for a hearing
in response to the IRS recorded a Notice of Federal Tax Lien
against them.  This CDP request was received by the IRS on June
29, 2003.  The IRS issued its Notice of Determination, denying the
CDP request on October 30, 2003.  As a result, this tolled the

statute of limitations by at least 153 days (that is, 123 days plus 30 days per Treas. Reg. §§ 301.6320-1(f)(1), § 301.6330-1(f)(2)). Bruno W. Schmidt and Charlene O. Schmidt did not seek a review of this determination in the U.S. Tax Court. Second, Bruno W. Schmidt and Charlene O. Schmidt submitted a CDP request in response to the IRS's issuance of a notice of intent to levy. This CDP request was received by the IRS on November 11, 2008. The IRS issued its Notice of Determination, denying the CDP request on July 10, 2009. As a result, this tolled the statute of limitations by at least 271 days (that is, 241 days plus 30 days per Treas. Reg. §§ 301.6320-1(f)(1), § 301.6330-1(f)(2)). Bruno W. Schmidt and Charlene O. Schmidt did not seek a review of this determination in the U.S. Tax Court. Third, Bruno W. Schmidt and Charlene O. Schmidt submitted an Offer in Compromise to the IRS, which was accepted for processing on December 9, 2011. The IRS, however, rejected the Offer in Compromise on September 28, 2012. As a result, this tolled the statute of limitations by at least 325 days (that is, 295 days which includes the required addition of 30 days per 26 U.S.C. § 6331(k)). Given the foregoing, the 10-year statute of limitations, which would have expired on September 2, 2012, has been extended by 749 days to Monday, September 22, 2014. Accordingly, the instant suit is timely.

23. Timely notice and demand for payment of the assessments set forth in Paragraphs 14 and 15, above, has been made upon Bruno W. Schmidt and Charlene O. Schmidt, as required by 26 U.S.C. § 6303.

24. Despite timely notice and demand for payment of the assessments set forth in Paragraphs 14 and 15, above, Bruno W. Schmidt and Charlene O. Schmidt have neglected, refused, or failed to pay the assessments made against them.

25. Bruno W. Schmidt and Charlene O. Schmidt remain indebted for the balance of the assessments described in Paragraphs 14 and 15 above, plus accrued interest and statutory additions according to law, less any payments or credits.

26. Since the dates of the assessments described in Paragraphs 14 and 15, above, interest has accrued as provided by law. The total amount due and owing on the assessments described in Paragraphs 14 and 15, above, plus accrued but unassessed interest, computed is $178,969.60 as of July 22, 2014.

**SECOND CLAIM FOR RELIEF:**
**TO FORECLOSE FEDERAL TAX LIENS ENCUMBERING THE**
**RESIDENCE OF BRUNO W. SCHMIDT AND CHARLENE O. SCHMIDT**

27. By reference, the United States realleges and incorporates the allegations contained in Paragraphs 1 through 26, as fully set forth herein.

28. Pursuant to 26 U.S.C. §§ 6321 and 6322, statutory liens for unpaid federal taxes arose in favor of the United States against all property or rights to property, whether real or personal, belonging to Bruno W. Schmidt and Charlene O. Schmidt as of the dates of the assessments described in Paragraphs 14 and 15, including the Subject Property. In addition, said liens immediately attached to all after-acquired property or rights to such property.

9

29. In accordance with 26 U.S.C. § 6323 (f), the Notices of Federal Tax Lien relating to the assessments described in Paragraph 16, above, were duly filed and recorded with the Stevens County.

30. The tax liens arising from the assessments described in Paragraphs 14 and 15, above, have priority over all interests in the Subject Property acquired after the attachment of the tax liens, subject to the provision of 26 U.S.C. § 6323(a).

31. Under 28 U.S.C. § 7403(c), the United States is entitled to a decree of sale of the Subject Property to enforce its tax liens.

WHEREFORE, the United States prays that the Court adjudge and decree:

A.   That Bruno W. Schmidt and Charlene O. Schmidt, and their marital community, are indebted to the United States in the amount of the assessments described in Paragraphs 14 and 15, above, together with interest, penalties, additions, and other statutory additions as provided by law pursuant to 28 U.S.C. § 1961(c) and 26 U.S.C. § 6621.

B.   That the United States has valid and subsisting federal tax liens by virtue of the assessments set fort forth in Paragraphs 14 and 15, above, on all property and rights to property belonging to Bruno W. Schmidt and Charlene O. Schmidt and their marital community, including their interest in the Subject Property;

C.   That the federal tax liens against Bruno W. Schmidt and Charlene O. Schmidt be foreclosed-upon as to their interest in the Subject Property, and that the Subject Property be ordered sold, and that the proceeds from such sale be distributed in accordance with the Court's findings as to the validity and priority of the liens and claims of all parties;

D.   That to the extent proceeds from the sale of the subject property fail to satisfy the liens against Bruno W. Schmidt and Charlene O. Schmidt, a deficiency judgment in the appropriate amount be entered against Bruno W. Schmidt and Charlene O. Schmidt; and

E   That the United States be awarded its costs and such other relief as is just and proper.

1

2    DATED:  July 22, 2014.

3                                          TAMARA ASHFORD
4                                          Acting Assistant Attorney General

5                                          s/ Michael P. Hatzimichalis
                                           MICHAEL P. HATZIMICHALIS
6                                          Trial Attorney, Tax Division
                                           U.S. Department of Justice
7                                          P.O. Box 683, Ben Franklin Station
                                           Washington, D.C.  20044-0683
8                                          Telephone:      (202) 353-1844
                                           Facsimile:      (202) 307-0054
9                                          michael.p.hatzimichalis@usdoj.gov

10                                         MICHAEL O. ORMSBY
                                           United  States Attorney
11                                         Eastern District of Washington

12                                         *Of Counsel*

13                                         *Attorneys for the United States of America*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                         11