UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BRUNO W. SCHMIDT, CHARLENE O. SCHMIDT, and STEVENS COUNTY WASHINGTON,<br><br>　　　　　Defendants.<br><br>BRUNO W. SCHMIDT and CHARLENE O. SCHMIDT,<br><br>　　　　　Counter Claimants,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Counter Defendant. | NO: 2:14-CV-0237-TOR<br><br>ORDER ON COUNTER DEFENDANT'S MOTION TO DISMISS COUNTERCLAIMS |

ORDER ON MOTION TO DISMISS COUNTERCLAIMS ~ 1

BEFORE THE COURT is the United States' Motion to Dismiss Counterclaimants Schmidts' Counterclaims One, Three, Four and Five (ECF No. 49). This matter was submitted without oral argument. Defendants Bruno W. Schmidt and Charlene O. Schmidt (the "Schmidts") are proceeding *pro se*. The United States is represented by Yen Jeannette Tran. The Court has reviewed the record and files herein, and is fully informed.

## BACKGROUND

This is an action to recover federal tax assessments against the Schmidts through the foreclosure of their real property in Stevens County, Washington.

The United States initiated this action on July 22, 2014. ECF No. 1. The original complaint brought two claims: (1) to reduce federal tax assessments to judgment against the Schmidts; and (2) to foreclose federal tax liens encumbering the Schmidts' personal property in Stevens County, Washington. *Id.*

Thereafter, on December 22, 2014, the Schmidts filed a bankruptcy petition under Chapter 7 in Bankruptcy Court for the Eastern District of Washington. *See* Bankr. E.D. Wash. Case No. 14-04487-FPC7, ECF No. 1. In their First Amended Answer, the Schmidts allege their bankruptcy petition listed all their assets, including their principal residence, the subject property in this action. ECF No. 39 at ¶ 76. The Schmidts further allege that the United States did not file a proof of claim as a creditor with the bankruptcy court. *Id.* at ¶ 77.

On January 9, 2015, because the Schmidts initiated bankruptcy proceedings, this Court temporarily stayed this case pursuant to the automatic stay provision of 11 U.S.C. § 362. *See* ECF No. 16.

On April 1, 2015, the Bankruptcy Court entered a discharge, thus lifting the automatic stay. Bankr. E.D. Wash. Case No. 14-04487-FPC7, ECF No. 17; *see* 11 U.S.C. § 362(c)(2)(C).

On October 28, 2015, the United States filed its First Amended Complaint adding one cause of action: exception to discharge under 11 U.S.C. § 523(a)(1)(C). ECF No. 36; *see also* ECF No. 50.[1]

On November 18, 2015, the Schmidts filed their First Amended Answer. ECF No. 39. The Amended Answer asserts five counterclaims: (1) "time-barred collection action," (2) "cloud upon & demand for quiet title," (3) "violation of bankruptcy injunction," (4) "unclean hands & filing of false documents," and (5) "personal tax debt was dischargeable." *Id.* at ¶¶ 182-204.

---

[1] Due to a typographical error contained within the First Amended Complaint filed on October 28, 2015, *see* ECF No. 47 (Errata filed by United States), the United States filed a corrected version of its First Amended Complaint on February 23, 2016, *see* ECF No. 50. Hereinafter, this Order will cite to the First Amended Complaint located at ECF No. 50.

ORDER ON MOTION TO DISMISS COUNTERCLAIMS ~ 3

In response, on December 9, 2015, the United States filed a motion for a more definite statement, or, in the alternative, to strike the Schmidts' counterclaims. ECF No. 42. The United States argued that the counterclaims were vague and ambiguous and it was unclear whether the counterclaims are simply recitations of the Schmidts' affirmative defenses. *Id.* at 3. This Court denied the United States' motion on February 8, 2016. ECF No. 46.

Thereafter, on February 22, 2016, the United States filed the instant motion seeking the dismissal of counterclaims one, three, four and five. ECF No. 49. The United States filed an answer to counterclaim two, *see* ECF No. 48, and does not seek its dismissal in the instant motion.

**DISCUSSION**

The United States moves for dismissal of counterclaims one, three, four and five on the grounds that (1) this Court lacks subject matter jurisdiction and; (2) that the counterclaims fail to state a claim upon which relief may be granted.[2] ECF No. 49. The Court will address each issue in turn.

---

[2] In their responsive briefing, the Schmidts argue that the United States' motion is procedurally insufficient because its factual assertions are not supported by any evidence. *See* ECF No. 51 at 2. However, a motion to dismiss, unlike a motion for

1.  Subject Matter Jurisdiction

First, the United States argues that counterclaims one (time-barred collection action), four (unclean hands & filing of false documents), and five (personal tax debt was dischargeable) lack subject matter jurisdiction, because the United States has not waived its sovereign immunity as to these claims. ECF No. 49 at 5-6. Further, the United States argues that to the extent counterclaims one, three (violation of bankruptcy violation), four, and five seek declaratory and injunctive relief, these claims are barred by the AIA and DJA, and consequently, this Court lacks subject matter jurisdiction over these claims. *Id.* at 8-10, 11 n.1.

"As sovereign, the United States can be sued only to the extent that it has waived its immunity from suit." *O'Toole v. United States,* 295 F.3d 1029, 1033 (9th Cir. 2002) (quotation marks and citation omitted). However, "any waiver must be unequivocally expressed in statutory text ... and will not be implied." *Ordonez v. United States*, 680 F.3d 1135, 1138 (9th Cir. 2012) (quotation marks and citation omitted). "Further, a waiver of immunity will be strictly construed, in terms of its scope, in favor of the sovereign. The Supreme Court has called this a high standard." *Harger v. Dep't of Labor*, 569 F.3d 898, 903-04 (9th Cir. 2009)

---

summary judgment, is based on the allegations contained within the complaint, or counterclaims as it may be, and does not require the submission of evidence.

ORDER ON MOTION TO DISMISS COUNTERCLAIMS ~ 5

(citations and quotations omitted). Accordingly, "[a] court lacks subject matter jurisdiction over a claim against the United States if it has not consented to be sued on that claim." *Balser v. Dep't of Justice,* 327 F.3d 903, 907 (9th Cir. 2003).

Importantly, the doctrine of sovereign immunity applies to counterclaims asserted against the United States. *See* Fed. R. Civ. P. 13(d). Moreover, the party who sues the United States bears the burden of asserting that sovereign immunity has been waived. *See Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983).

Additionally, the Anti-Injunction Act ("AIA") provides, with limited statutory exceptions, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). "The primary purpose of the Act is to protect the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference[.]" *Hansen v. Dep't of Treasury*, 528 F.3d 597, 600 (9th Cir. 2007) (citations and quotations omitted).

The AIA has a limited judicial exception. "To avail themselves of this exception, the [Schmidts] bear the burden of demonstrating that (1) under no circumstances can the government ultimately prevail on the merits; and (2) the taxpayer will suffer irreparable injury without injunctive relief." *Hughes v. United States,* 953 F.2d 531, 535 (9th Cir. 1992) (citation and quotations omitted). "The

district court must dismiss for lack of subject matter jurisdiction any suit that does not fall within one of the exceptions to the Act." *Elias v. Connett*, 908 F.2d 521, 523 (9th Cir. 1990) (citation omitted).

Similarly, the Declaratory Judgment Act ("DJA"), with limited statutory exceptions, allows for suits for declaratory judgments "except with respect to Federal taxes." 28 U.S.C. § 2201(a); *see Hutchinson v. U.S.,* 677 F.2d 1322, 1326–27 (9th Cir. 1982) (holding that declaratory relief for any tax related claims is barred by the DJA). "[T]he federal tax exception to the Declaratory Judgment Act is at least as broad as the prohibition of the Anti–Injunction Act." *Alexander v. Ams. United, Inc.,* 416 U.S. 752, 759 n.10 (1974).

Here, the Schmidts contend that the United States expressly waived its sovereign immunity with respect to their counterclaims by commencing this suit under the "broad authority" of 26 U.S.C. § 7403(c), ECF No. 51 at 3-4, which authorizes the United States to bring a suit to enforce a lien or to subject a property to the payment of tax. *See* 26 U.S.C. § 7403(a). Specifically, the Schmidts argue that the statutory language of § 7403(c) that provides the court jurisdiction "…to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property…" has exposed the United States "to the litigation hazards brought by the Schmidts' counterclaims." ECF No. 51 at 3-4.

The Court finds 26 U.S.C. § 7403 does not waive the United States' sovereign immunity. While the Schmidts argue that "their counterclaims clearly fall within the congressional intent for & jurisdictional scope of IRC § 7403," *id.* at 4, the statutory text lacks an unequivocal expression of waiver. *See Ordonez*, 680 F.3d at 1138. In contrast, by way of example, in the Federal Tort Claims Act, Congress expressly waived the United States' immunity by providing that "The United States shall be liable … in the same manner and to the same extent as a private individual under like circumstances …." 28 U.S.C. § 2674. Whereas here, there is no such express waiver contained within the statutory text of 26 U.S.C. § 7403, and this Court is prohibited from finding that such a waiver is implied. *See Ordonez*, 680 F.3d at 1138; *Harger* 569 F.3d at 903-04. Thus, 26 U.S.C. § 7403 does not provide this Court subject matter jurisdiction over counterclaims one, four, and five.

Second, the Schmidts assert that their fourth counterclaim (unclean hands and filing of false documents) "falls outside Congress' grant of sovereign immunity to the IRS because the agency's unlawful acts complained about are criminal acts punishable under 18 USC § 1519(a)." ECF No. 51 at 5.

As the Schmidts note, 18 U.S.C. § 1519 is a criminal statute. As such, it empowers the United States to bring charges against those in violation of the statute. However, it does not empower individuals to bring claims against the

ORDER ON MOTION TO DISMISS COUNTERCLAIMS ~ 8

United States, nor does it contain an express waiver of sovereign immunity. Thus, it does not provide this Court subject matter jurisdiction over counterclaim four.

Next, as to counterclaim five (personal tax debt was dischargeable), the Schmidts contend that the United States expressly waived its sovereign immunity under 11 U.S.C. § 106 by including in its First Amended Complaint a claim to determine that the Schmidts' tax debts are excepted from discharge under 11 U.S.C. § 523(a)(1)(C). *See* ECF No. 51 at 4 (citing ECF No. 50 at 10), 13. The Schmidts argue that the United States "has effectively commenced ex post facto a bankruptcy-related 'core-proceeding' [] seeking re-adjudication of the Schmidts' bankruptcy[.]" *Id.* at 4.

Section 106(a) sets forth, in relevant part, that "sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to the following: Sections …523[.]" 11 U.S.C. 106(a). The Court finds that Section 106(a) contains an express waiver of sovereign immunity, with respect to application of the enumerated sections of the Bankruptcy Code, including § 523. However, to the extent that Section 106(a) establishes a waiver of sovereign immunity as to counterclaim five, this Court finds counterclaim five is barred by the AIA and DJA. By requesting the Court to "adjudicate and decree the dischargeability of their income tax debt, and reaffirm & uphold their bankruptcy discharge," ECF No. 39 at ¶ 204, counterclaim five is an attempt to restrain the

ORDER ON MOTION TO DISMISS COUNTERCLAIMS ~ 9

government's tax assessment and collection activities.  *See* 26 U.S.C. § 7421(a).  The Schmidts have not established any of the statutory or judicial exceptions to the Acts.  Accordingly, this Court lacks subject matter jurisdiction over counterclaim five.

Similarly, as part of counterclaim three (violation of bankruptcy injunction), in addition to damages, the Schmidts request the Court "reaffirm and uphold their bankruptcy discharge" and "enforce the bankruptcy's permanent injunction against [the United States]."  *See* ECF No. 39 at 64.  The United States argues that to the extent counterclaim three requests injunctive or declaratory relief it is also barred by the AIA and DJA.  ECF No. 49 at 11 n.1.  The Court agrees.  As above, the Court finds that such requests are an attempt to restrain the government's tax assessment and collection activities, and, because no exceptions apply, such claims are barred by the AIA and DJA.  Thus, as to these requests, this Court lacks subject matter jurisdiction over counterclaim three.[3]

In summation, the Schmidts have failed to establish that sovereign immunity has been waived over counterclaims one and four, *see Holloman,* 708 F.2d at 1401, and to the extent Section 106(a) waives sovereign immunity as to counterclaim

---

[3] The United States challenge to the request for damages contained within counterclaim three will be analyzed below.

five, both counterclaim five and the requests for declaratory and injunctive relief contained within counterclaim three are barred by the AIA and DJA. Accordingly, based on the forgoing, this Court lacks subject matter jurisdiction over these counterclaims and they must be **dismissed**.

### I. Failure to State a Claim

As to the remaining contested claim, the request for damages contained within counterclaim three, the United States argues that it should be dismissed pursuant to Rule 12(b)(6). ECF No. 39 at 10-13.

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, a complaint, or counterclaim as the case may be, must allege "sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "In conducting this review, we accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff." *AE ex rel Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012).

The Ninth Circuit has repeatedly instructed district courts to "grant leave to amend even if no request to amend the pleading was made, unless ... the pleading

could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). The standard for granting leave to amend is generous—the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether leave to amend is appropriate, a court must consider the following five factors: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

Here, the United States argues the claim for punitive and actual damages contained within counterclaim three, for an alleged violation of the discharge injunction resulting from the general discharge the Schmidts received in their Chapter 7 proceedings, should be dismissed for failure to state a claim. *See* ECF No. 49 at 11 (citing ECF No. 39 at ¶¶ 190-94). In support, the United States argues that 26 U.S.C. 7433(e) provides the exclusive remedy for such violations, and that the Schmidts did not exhaust their available administrative remedies, as statutorily required. *Id.*

Section 7433 provides that a civil action against the United States under § 7433 "shall be the exclusive remedy for recovering damages" resulting from, among other things, an IRS employee's willful violation of a discharge injunction provided by 11 U.S.C. § 524. *See* 26 U.S.C. § 7433(a), (e)(1), (2). However, the

taxpayer must first exhaust "the administrative remedies available to such plaintiff within the [IRS]" as a prerequisite to filing such an action.[4]  26 U.S.C. § 7433(d)(1).  A failure to exhaust such administrative remedies deprives a district court of jurisdiction over the claim.  *See Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir. 1992).

Here, the Court finds that the First Amended Answer fails to allege that the Schmidts submitted the required administrative claim for damages.  In their responsive briefing, the Schmidts claim to have submitted a valid administrative claim on June 18, 2014.  *See* ECF No. 51 at 5.  However, such a claim predates the Schmidts' bankruptcy petition filed on December 22, 2014, *see* Bank. E.D. Wash. Case No. 14-04487-FPC7, ECF No. 1, and consequently, cannot concern the United States' alleged bankruptcy injunction violation.  Accordingly, because the Schmidts have not shown they exhausted their available administrative remedies concerning the United States alleged injunction violation, this Court must also **dismiss** the claims for damages contained within counterclaim three.  *See Conforte*, 979 F.2d at 1377.

---

[4] The Treasury Regulations set forth the administrative processes for seeking redress for violations of § 524 by the IRS.  *See* 26 C.F.R. § 301.7433-2.

Because amendment would be nothing less than futile, this Court does not grant the Schmidts leave to amend.  *See Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988).

The Court notes that the dismissal of counterclaims one, three, four, and five does not impact the affirmative defenses contained within the Schmidts' First Amended Answer.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The United States' Motion to Dismiss Counterclaimants Schmidts' Counterclaims One, Three, Four, and Five (ECF No. 49) is **GRANTED**.

2. Counterclaims one, three, four and five are **DISMISSED with prejudice**.

The District Court Clerk is directed to enter this Order and provide copies to the parties.

**DATED** June 17, 2016.



THOMAS O. RICE
Chief United States District Judge